IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| JOHN G. MONEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 3:14-cv-00585-MJR-PMF |
| ) | |
| CITY OF SHAWNEETOWN ILLINOIS, ) | **DEMAND FOR JURY TRIAL** |
| ROBERT BOON, and ) | |
| STEVEN McDERMOTT, ) | |
| ) | |
| Defendants. ) | |

_____

# COMPLAINT

NOW COMES, Plaintiff, JOHN G. MONEY, by and through Joel J.C. Powless, his attorney, and for his Complaint against Defendants, CITY OF SHAWNEETOWN ILLINOIS, ROBERT BOON and STEVEN McDERMOTT would state and allege as follows:

1. During all times mentioned in this Complaint, Plaintiff, John Money was, and is, a United States citizen. Plaintiff, John Money is a resident of Shawneetown, Gallatin County, state of Illinois.

2. Defendants are:

    (a) City of Shawneetown, Illinois ("Defendant City"), a political subdivision of the state of Illinois.

    (b) Robert Boon ("Defendant police officer"), a person of the age of majority and a resident of Shawneetown, Gallatin County, state of Illinois. He is sued individually and in his representative capacity as a police officer employed by, and acting on behalf of, defendant city.

    (c) Steven McDermott (Second defendant officer"), a person of the age of majority and a resident of Shawneetown, Gallatin County, state of Illinois. Second

[1]

      defendant officer is sued individually and in his representative capacity as a police officer employed by, and acting on behalf of, defendant city.

## JURISDICTION

3. Jurisdiction is based on 28 U.S.C.A. § 1331; 28 U.S.C.A. § 1343(a)(3); 28 U.S.C.A. §1367; 28 U.S.C.A. § 2201; 42 U.S.C.A. § 1983; 42 U.S.C.A. § 1988; and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff further invokes the jurisdiction of this court to hear the claims arising against defendants under state law.

## VENUE

4. Venue lies under 28 U.S.C.A. § 1391 (b)(1) as the defendants reside within this judicial district and the wrongful acts occurred within this district.

## FACTS COMMON TO ALL CLAIMS

5. On or about May 30, 2013, plaintiff was a backseat passenger in a motor vehicle in the city of Shawneetown, Gallatin County, state of Illinois.

6. At approximately 6:28 p.m., as plaintiff was riding as a passenger in a 2003 Gold Oldsmobile Alero owned by Tammi Collins at or near the corner of West Posey Avenue and West Shawnee Avenue in the City of Shawneetown, two defendant city police officers, Robert Boon and Steven McDermott, as sworn peace officers working for the city of Shawneetown, Illinois and acting in the course and scope of that employment, illegally pulled over the motor vehicle that plaintiff was a passenger in. The defendant officers activated their flashing lights, then stopped and detained said vehicle without probable cause. The officers then illegally approached the motor vehicle and the occupants of the vehicle.

7. During said illegal stop, defendant officers illegally ordered plaintiff to exit the vehicle. The officers then proceeded to aggressively question and to illegally pat down plaintiff.

8. With no legal right, defendant officers, without cause or provocation, forcefully grabbed plaintiff during an illegal search, seizure, and arrest. During said illegal arrest of the plaintiff, Officer McDermott slammed plaintiff to the ground and proceeded to Taser plaintiff in the head. In addition, Officer Boon placed plaintiff in a headlock and proceeded to pepper spray the plaintiff.

9. At no time prior to the incident did the officers have cause to pull over the motor vehicle and detain the vehicle or the occupants without consent or any probable cause to do so.

10. As a result of the conduct of defendant officers, plaintiff sustained serious physical and psychological injuries, including but not limited to severe nerve damage to plaintiff's right arm and hand. Plaintiff continues to suffer from these injuries to this day.

## CLAIMS AGAINST DEFENDANT POLICE OFFICER UNDER 42 U.S.C.A § 1983 FOR VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

11. Plaintiff incorporates all of the above allegations as if set forth in full here.

12. The conduct of defendant police officer, Robert Boon, in wrongfully detaining plaintiff, wrongfully arresting plaintiff, committing a battery on plaintiff, and searching plaintiff's person and the motor vehicle without plaintiff's consent and without probable cause to do so, was done under the color of law, and occurred while he was performing his duties as an employee of the defendant city.

13. The conduct of defendant police officer evidenced a malicious intent and contempt for the constitutional rights of plaintiff on the part of the officer.

14. Defendant police officer acted negligently and maliciously, causing plaintiff harm. Defendant violated plaintiff's civil rights, rights expressly granted plaintiff by state and federal constitutions. Defendant should be held answerable for plaintiff's damages and for punitive damages for those actions of defendant which were taken with malice and/or with reckless disregard of plaintiff's rights.

## CLAIMS AGAINST SECOND DEFENDANT OFFICER UNDER 42 U.S.C.A § 1983 FOR VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

15. Plaintiff incorporates all of the above allegations as if set forth in full here.

16. The conduct of second defendant officer, Steven McDermott, in wrongfully detaining plaintiff, wrongfully arresting plaintiff, committing a battery on plaintiff, and searching plaintiff's person and the motor vehicle without plaintiff's consent and

without probable cause to do so, was done under the color of law, and occurred while he was performing his duties as an employee of the defendant city.

17. The conduct of second defendant officer evidenced a malicious intent and contempt for the constitutional rights of plaintiff on the part of the officer.

18. Second defendant officer acted negligently and maliciously, causing plaintiff harm. Defendant violated plaintiff's civil rights, rights expressly granted plaintiff by state and federal constitutions. Defendant should be held answerable for plaintiff's damages and for punitive damages for those actions of defendant which were taken with malice and/or with reckless disregard of plaintiff's rights.

## CLAIMS AGAINST DEFENDANT CITY UNDER 42 U.S.C.A § 1983

19. Plaintiff incorporates all of the above allegations as if set forth in full here.

20. Defendant deprived plaintiff of the rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution by failing to exercise proper caution in the hiring, training, and supervision of the officers in the proper procedures for traffic stops, search and arrest, and the proper use of force.

21. Plaintiff was informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant, City of Shawneetown and other supervisory officials of Shawneetown Police department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to, exposing persons to unreasonable force and seizure during the course of traffic stops, failing to maintain adequate policies, failing to adequately train, supervise, and control investigators and officers concerning traffic stops, failing to investigate and impose discipline on investigators and officers who employ improper investigation methods, and traffic stop tactics, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

22. On information and belief, defendant city and its city police department knew or reasonably should have known that defendant officers and other police officials had been insufficiently trained to respect the constitutional rights of citizens and knew of prior complaints against these officers, yet failed to investigate and take necessary actions to deter wrongful conduct.

23. Defendant city and its city police department willingly tolerated constitutional violations by its officers, which was and is the equivalent of a policy condoning such practices.

24. Defendant city and its city police department failed to properly supervise and or train defendant officers and are liable for the conduct of their employees.

25. Consequently, defendant city is liable to plaintiff for injuries resulting from defendant city's unconstitutional policies and practices.

26. Defendant city is liable to plaintiff for reasonable attorney's fees under 42 U.S.C.A. § 1988.

**STATE CONSTITUTIONAL CLAIMS AGAINST DEFENDANT POLICE OFFICER**

27. Plaintiff incorporates all of the above allegations as if set forth in full here.

28. Defendant police officer, Robert Boone, denied plaintiff his rights under the Constitution of the state of Illinois (ILCS Const. Art. 1, § 6) by stopping and detaining the motor vehicle and plaintiff without probable cause, and by using unreasonable and unnecessary force to detain and batter plaintiff.

29. Plaintiff has suffered and continues to suffer damages as a result of defendant's violation of plaintiff's rights under the Illinois Constitution.

**STATE CONSTITUTIONAL CLAIMS AGAINST SECOND DEFENDANT OFFICER**

30. Plaintiff incorporates all of the above allegations as if set forth in full here.

31. Second defendant officer, Steven McDermott, denied plaintiff his rights under the Constitution of the state of Illinois (ILCS Const. Art. 1, § 6) by stopping and detaining the motor vehicle and plaintiff without probable cause, and by using unreasonable and unnecessary force to detain and batter plaintiff.

32. Plaintiff has suffered and continues to suffer damages as a result of defendant's violation of plaintiff's rights under the Illinois Constitution.

**STATE CONSTITUTIONAL CLAIMS AGAINST DEFENDANT CITY**

33. Plaintiff incorporates all of the above allegations as if set forth in full here.

34. Defendant officers denied plaintiff his rights under the Constitution of the state of Illinois (ILCS Const. Art. 1, § 6) by stopping and detaining the motor vehicle and plaintiff without probable cause, and by using unnecessary force to detain and batter plaintiff.

35. Defendant city is liable under respondent superior as the employer of defendant officers.

36. Plaintiff has suffered and continues to suffer damages as a result of defendant's violation of plaintiff's rights under the Illinois Constitution.

### STATE TORT CLAIMS AGAINST DEFENDANT POLICE OFFICER

37. Plaintiff incorporates all of the above allegations as if set forth in full here.

38. Defendant police officer, Robert Boon, is liable to plaintiff under 720 ILCS 5/12-1 and 720 ILCS 5/12-3 for assault and battery.

39. Plaintiff has suffered and continues to suffer damages as a result of defendant's violation of 720 ILCS 5/12-1 and 720 ILCS 5/12-3.

### STATE TORT CLAIMS AGAINST SECOND DEFENDANT OFFICER

40. Plaintiff incorporates all of the above allegations as if set forth in full here.

41. Second defendant officer, Steven McDermott, is liable to plaintiff under 720 ILCS 5/12-1 and 720 ILCS 5/12-3 for assault and battery.

42. Plaintiff has suffered and continues to suffer damages as a result of defendant's violation of 720 ILCS 5/12-1 and 720 ILCS 5/12-3.

### STATE TORT CLAIMS AGAINST DEFENDANT CITY

43. Plaintiff incorporates all of the above allegations as if set forth in full here.

44. Defendant officers are liable to plaintiff under 720 ILCS 5/12-1 and 720 ILCS 5/12-3 for assault and battery.

45. Defendant city is liable under respondent superior as the employer of defendant officers.

46. Plaintiff has suffered and continues to suffer damages as a result of defendants' violation of 720 ILCS 5/12-1 and 720 ILCS 5/12-3.

## TRIAL BY JURY

47. Plaintiff is entitled to a jury trial on all issues triable by a jury.

**WHEREFORE**, plaintiff requests that after due proceedings are had, there be judgment in plaintiff's favor and against each defendant, jointly and severally, where applicable:

1. Declaring that the actions of defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution;

2. Declaring that the actions of defendants violated plaintiff's rights under ILCS Const. Art. 1 § 6 of the Illinois Constitution;

3. awarding plaintiff compensatory general damages;

4. awarding plaintiff compensatory special damages including, but not limited to, medical expenses, loss of income, and loss of future income.

5. awarding plaintiff punitive damages;

6. awarding plaintiff attorney's fees and costs under 42 U.S.C.A. § 1988;

7. awarding plaintiff punitive damages under 42 U.S.C.A. § 1983;

8. awarding plaintiff pre and post judgment interest as permitted by law;

9. awarding plaintiff a trial by jury on all issues triable by a jury; and

10. awarding plaintiff such other and further relief as is just and equitable.

Dated: May 21, 2014                           JOHN G. MONEY, Plaintiff

                                    By:   /s/ Joel J.C. Powless_____
                                          Joel J.C. Powless, Attorney for Plaintiff
                                          119 West North Avenue
                                          Flora, Illinois 62839
                                          ARDC # 6306760
                                          (618) 662-5635

[7]